UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERLANDE MILORD-FRANCOIS,<br><br>                              Plaintiff,<br><br>                 - against -<br><br>THE NEW YORK STATE OFFICE OF THE MEDICAID<br>INSPECTOR GENERAL, DENNIS ROSEN, and JANINE<br>DANIELS-RIVERA,<br><br>                              Defendants. | No. 19 Civ. 00179 (LJL)<br><br>**SETTLEMENT AGREEMENT,<br>GENERAL RELEASE, AND<br>ORDER OF DISMISSAL WITH<br>PREJUDICE** |

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF

DISMISSAL WITH PREJUDICE ("Settlement Agreement") is made by and between plaintiff

Ferlande Milord-Francois ("Plaintiff") and defendant the New York State Office of the Medicaid

Inspector General ("OMIG"); and

WHEREAS, Plaintiff filed charges of discrimination and retaliation against OMIG with

the U.S. Equal Employment Opportunity Commission ("EEOC") on May 22, 2017 (the "EEOC

Charge"); and

WHEREAS, on or about January 7, 2019, Plaintiff commenced this action by filing a

complaint in the United States District Court for the Southern District of New York, Case

Number 19 Civ. 00179, alleging claims against OMIG, Dennis Rosen ("Rosen"), and Janine

Daniels-Rivera ("Daniels-Rivera") (collectively, "Defendants") pursuant to Title VII of the Civil

Rights Act of 1964; Section 1983 of Title 42 of the United States Code; the New York State

Human Rights Law ("NYSHRL"); and the New York City Human Rights Law ("NYCHRL")

(the "Federal Action"); and

WHEREAS, on or about March 17, 2021, Plaintiff commenced an action by filing a complaint in the Supreme Court of the State of New York, New York County, Index Number 152685/2021, alleging claims against Rosen and Daniels-Rivera pursuant to the NYCHRL (the "State Action"); and

WHEREAS on April 27, 2022, Plaintiff, Rosen, and Daniels-Rivera filed a stipulation to stay the State Action pending the decision by the Court in the Federal Action to exercise jurisdiction over the NYCHRL claims; and

WHEREAS, the claims and allegations asserted in the Federal Action, and asserted in the State Action, and contained in the EEOC Charge, together with all related filings and proceedings, together constitute "the Action" for the purposes of this Settlement Agreement; and

WHEREAS, by Opinion and Order in the Federal Action dated September 23, 2020, as affirmed or modified by a Summary Order of the United States Courts of Appeals for the Second Circuit dated February 17, 2022, the following claims were dismissed: all Section 1983 claims for discrimination, retaliation, and hostile work environment ("HWE") against all Defendants; Title VII retaliation and HWE claims against OMIG; NYSHRL discrimination, retaliation, and HWE claims against Rosen; NYSHRL retaliation and HWE claims against Daniels-Rivera; and

WHEREAS, in a memorandum of law filed in the Federal Action on May 20, 2022, Plaintiff stated that she would not proceed with her NYCHRL discrimination and retaliation claims against Rosen given the law of the case from the Second Circuit's decision; and

WHEREAS, Plaintiff is and has been represented in the Action by the law firm of Maduegbuna Cooper LLP, 30 Wall Street, 8th Floor, New York, New York 10005, which law firm shall be referred to herein as "Plaintiff's Counsel"; and

WHEREAS, Defendants deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and Defendants desire to fully resolve the Action and any and all other disputes between them, whether known or unknown, asserted or unasserted, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, Plaintiff and OMIG hereby stipulate and agree as follows:

## 1.     <u>Dismissal of the Federal Action Against Defendants with Prejudice.</u>

The Federal Action, and all claims that were or could have been asserted therein, is dismissed against Defendants with prejudice pursuant to Fed. R. Civ. P. 41(a) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts set forth in Paragraph 3. Simultaneously with the execution of this Settlement Agreement, Plaintiff's Counsel shall execute and deliver to Defendants' counsel a Stipulation and Order in the form annexed hereto as Exhibit A, dismissing with prejudice pursuant to Fed. R. Civ. P. 41(a) the Federal Action and all claims asserted therein against OMIG and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts set forth in Paragraph 3, and dismissing with prejudice pursuant to Fed. R. Civ. P. 41(a) the Federal Action and all claims asserted therein against Daniels-Rivera and against Rosen, in their individual and official capacities, and without payments, attorneys' fees, costs, disbursements, or expenses to any of these parties as against the other.

2.      **Discontinuance of the State Action Against Daniels-Rivera and Rosen with Prejudice.**

In consideration of the amount set forth in Paragraph 3, simultaneously with the execution of this Settlement Agreement, Plaintiff's Counsel shall execute and deliver to Defendants' counsel a Stipulation of Discontinuance in the form annexed hereto as Exhibit B, discontinuing with prejudice the State Action and all claims asserted therein against Daniels-Rivera and against Rosen, in their individual and official capacities, pursuant to New York Civil Practice Law and Rules 3217(a) and without any other payments, attorneys' fees, costs, disbursements, or expenses to any of these parties as against the other.

3.      **Payments to Plaintiff and Plaintiff's Attorney.**

In full consideration of Plaintiff's execution of this Settlement Agreement, her agreement to be bound by its terms, and her undertakings as set forth herein, including but not limited to the dismissal of the Action with prejudice and the waiver and release of claims as set forth in Paragraph 10, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York, on behalf of OMIG, shall pay to Plaintiff's counsel the gross sum of THREE HUNDRED AND NINETY THOUSAND DOLLARS AND NO CENTS ($390,000.00), for which I.R.S. Form 1099 shall be issued to Plaintiff and Plaintiff's Counsel, in full and complete satisfaction of (i) any and all claims, allegations, or causes of action for attorneys' fees costs, disbursements, and expenses incurred by Plaintiff's Counsel and Plaintiff for any and all counsel who have at any time represented or assisted Plaintiff in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action; and (ii) any and all claims, allegations, or causes of action for compensatory damages, including but not limited to,

pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic

damages, or other compensation, punitive damages, and liquidated damages. The foregoing

payment shall be made payable to "Maduegbuna Cooper LLP" and sent to Samuel Maduegbuna,

Maduegbuna Cooper LLP, 30 Wall Street, 8th Floor, New York, New York 10005.

4. **State Approval of Payment.**

The payment referenced in Paragraph 3 of this Settlement Agreement is subject to and

conditioned upon the approval of all appropriate State officials in accordance with New York

Public Officers Law § 17. Plaintiff and Plaintiff's Counsel agree to promptly execute and deliver

all necessary and appropriate vouchers and other requested documentation with respect to

obtaining such approval and effectuating payment, including, but not limited to Plaintiff's

Affidavit Regarding Medicare, attached hereto as Exhibit C, and any required attachments

thereto.

5. **Accrual of Interest.**

In the event that the payment specified in Paragraph 3 has not been made by the one

hundred twentieth (120th) day after receipt by the New York State Office of the Attorney

General ("OAG") of a fully executed copy of this Settlement Agreement, together with all other

requested documentation required under Paragraphs 1, 2, 4, and 7 of this Settlement Agreement,

interest on any part of the amount specified in Paragraph 3 not paid by the one hundred twentieth

(120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by

28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day.

6. **Responsibility of Plaintiff and Plaintiff's Counsel for Taxes.**

Any taxes, or interest or penalties on taxes, on the payment referred to in Paragraph 3 of

this Settlement Agreement shall be the sole and complete responsibility of Plaintiff (or Plaintiff's

Counsel respectively, for amounts paid to said attorneys). Plaintiff and Plaintiff's Counsel acknowledge and agree that they shall have no claim, right, or cause of action against OMIG, the State of New York, or any of their agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, on account of such taxes, interest, or penalties. Plaintiff agrees that she will defend, indemnify, and hold harmless OMIG and/or the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, including but not limited to Daniels-Rivera and Rosen, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative, or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

   7. **Medicare Certification.**

   Plaintiff represents and warrants that she is not a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional payments have been made on her behalf by Medicare, and further that she does not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver to the OAG a fully executed and notarized document, "Plaintiff's Affidavit Regarding Medicare," in the form annexed hereto in Exhibit C. Plaintiff acknowledges and understands that receipt of this document by the OAG is a prerequisite to payment of the settlement amount referenced in Paragraph 3, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 4 and 5 of this Settlement Agreement.

8.    **Responsibility of Plaintiff for Liens and Setoffs.**

Plaintiff agrees that OMIG, the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, including but not limited to Daniels-Rivera and Rosen, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, shall not be responsible for any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, Medicare, Medicaid, or child support liens, or liens for attorneys' fees, costs, disbursements, or expenses) that may attach to the payment referenced in Paragraph 3, and that Plaintiff shall have no claim, right, or cause of action on account of such liens or setoffs.

9.    **Liability of Plaintiff for Medicare Payments and/or Liens.**

Plaintiff agrees to defend, indemnify, and hold harmless OMIG, the State of New York, or any of its offices, agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, OMIG and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amount specified in Paragraph 3 of this Settlement Agreement. Upon receipt of all required documentation under Paragraph 1 (Dismissal of the Federal Action Against Defendants with Prejudice), Paragraph 2 (Discontinuance of the State Action Against Daniels-Rivera and Rosen with Prejudice), Paragraph 4 (State Approval of

Payments), and Paragraph 7 (Medicare Certification), payments of the settlement amount referenced in Paragraph 3 shall be made in accordance with the terms set forth herein.

10. **General Release.**

For and in consideration of the payment referenced in Paragraph 3 of this Settlement Agreement, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of herself, her heirs, executors, administrators, successors, and assigns, or any of them, or all of them (collectively, "the Releasing Parties"), hereby release and forever discharge the State of New York and Defendants, together with all of their present and former agencies, entities, departments, offices, subdivisions, subsidiaries, administrators, principals, officers, employees, including but not limited to directors, members, trustees, agents, attorneys, insurers, whether in their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including: (a) any and all claims regarding or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action as defined herein; (b) any and all claims for attorneys' fees, costs, disbursements, and all other expenses incurred by or on behalf of Plaintiff in connection with the Action, and any related action or proceeding, whether judicial,

Page 8

administrative, or otherwise; (c) any and all claims, causes of action, grievances pursuant to any

applicable collective bargaining agreement, rights, or administrative charges related to or arising

directly or indirectly from Plaintiff's employment with any of the Released Parties, including any

and all claims under 42 U.S.C. §§ 1981-1988, Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, the Americans

with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29

U.S.C. §2601 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, the

New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, N.Y. Labor Law §§

194, 740, and 741, N.Y. Civil Service Law § 75-b, the United States Constitution, the New York

State Constitution, and the New York City Charter. Plaintiff is not waiving or releasing any

nonwaivable statutory protections.  Plaintiff is not waiving or releasing any claims under New

York Military Law; any claims under New York Labor Law §§ 220 to 224; or any

unemployment benefit rights under the New York Unemployment Insurance Law. Additionally,

nothing in this release prohibits Plaintiff's rights to testify, assist, or participate in an

investigation, hearing, or proceedings conducted by the EEOC.

**11.    No Other Action or Proceeding Commenced.**

Other than the Action, Plaintiff represents that she has not commenced, maintained, or

prosecuted any action, charge, complaint, grievance, or proceeding of any kind against the

Released Parties, or her own behalf or on behalf of any other person and/or on behalf of or as a

member of any alleged class of persons, that none of the foregoing is currently pending in any

court or before any administrative or investigative body or agency, and acknowledges that this

representation constitutes a material inducement for OMIG to enter into this Settlement

Agreement.

12.     **No Other Attorney.**

Plaintiff represents and warrants that, other than the undersigned attorneys for Plaintiff, no attorney has a lien on the settlement proceeds in the Action or for services rendered to Plaintiff in the Action pursuant to the provisions of §§ 475 and 475-a of the New York Judiciary Law or any other state or federal law, or contract, or otherwise.

13.     **Waiver of Attorneys' Lien.**

The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to §§ 475 and 475-a of the New York Judiciary Law or any other state or federal law, statute, contract, or otherwise.

14.     **No Prevailing Party.**

Neither Plaintiff nor any Defendant shall be deemed a "prevailing party" for any purpose, including any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

15.     **Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

16.     **Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

### 17.    **Voluntary Agreement.**

Plaintiff represents that she has thoroughly discussed all aspects of this Settlement Agreement (including the General Release set forth in Paragraph 11) with her counsel, and Plaintiff represents that she has carefully read and fully understands all of the provisions of the Settlement Agreement. Plaintiff represents that she executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that she understands its terms, contents, and effect. Plaintiff acknowledges that she has consulted with her counsel before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

### 18.    **Negotiated Agreement.**

The parties acknowledge that each party has participated and cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

### 19.    **No Admission of Liability.**

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of OMIG, the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, including but not limited to Daniels-Rivera and Rosen, directors, members, trustees, agents,

attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of OMIG or the State of New York.

20. **No Precedential Value.**

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop OMIG, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, including but not limited to Daniels-Rivera and Rosen, directors, members, trustees, agents, attorneys, insurers, whether in their individual or official capacities, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

21. **Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

22.    **Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

23.    **Severability.**

With the exception of Paragraphs 1, 2, 3, 4, 7, 8, 9, 10, and 11 of this Settlement Agreement, if any provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

24.    **Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

25.    **Submission to the Court.**

Upon signatures by all parties to this Settlement Agreement and counsel for all parties to this Settlement Agreement, and notarizations as set forth herein, this Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

26.    **Counterparts.**

This Settlement Agreement may be executed in one or more counterparts and by facsimile or scanned signature, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date last below written.

**[Signatures Contained on Following Pages]**

_(signature)_

Ferlande Milord-Francois, *Plaintiff*

STATE OF NEW YORK

COUNTY OF New York

On December 7 , 2022, before me, the undersigned, a Notary Public in and

for the State of New York, personally appeared FERLANDE MILORD-FRANCOIS,

personally known to me or proved to me on the basis of satisfactory evidence to be the

individual whose name is subscribed to the within instrument, and acknowledged to me

that she executed the same in her capacity, and that by her signature on the instrument,

the individual, or the person upon behalf of which the individual acted, executed the

instrument.

_(signature)_

NOTARY PUBLIC

SAMUEL O. MADUEGBUNA
Notary Public, State of New York
Reg. No. 02MA50471194
Qualified in Westchester County
Commission Expires October 25, 2025

Page 15

MADUEGBUNA COOPER LLP

*Attorneys for Plaintiff*
By:

_____
Samuel Maduegbuna, Esq.
Maduegbuna Cooper LLP
30 Wall Street, 8th Floor
New York, New York 10005
sam.m@mcande.com


_____
Dionne Wheatley, Esq.
Deputy Counsel
NYS Office of the Medicaid Inspector General
800 North Pearl Street
Albany, New York 12204
Dionne.Wheatley@omig.ny.gov


LETITIA JAMES
Attorney General of the State of New York

*Attorney for OMIG*
By:


_____
Vivian Costandy Michael, Esq.
Assistant Attorney General
28 Liberty Street, 17th Floor
New York, New York 10005
(212) 416-8658
Vivian.Michael@ag.ny.gov

SO ORDERED:


_____
United States District Judge


Dated: _____

MADUEGBUNA COOPER LLP

*Attorneys for Plaintiff*
By:

_____
Samuel Maduegbuna, Esq.
Maduegbuna Cooper LLP
30 Wall Street, 8th Floor
New York, New York 10005
sam.m@mcande.com


_____
Dionne Wheatley, Esq.
Deputy Counsel
NYS Office of the Medicaid Inspector General
800 North Pearl Street
Albany, New York 12204
Dionne.Wheatley@omig.ny.gov


LETITIA JAMES
Attorney General of the State of New York

*Attorney for OMIG*
By:

_____
Vivian Costandy Michael, Esq.
Assistant Attorney General
28 Liberty Street, 17th Floor
New York, New York 10005
(212) 416-8658
Vivian.Michael@ag.ny.gov


SO ORDERED:

_____
United States District Judge


Dated:   _____
12-9-22

Page 16